Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL BELLMAN, | Case No. CV10 5871 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | |
| GLOBAL CREDIT & COLLECTION CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Gabriel Bellman ("Plaintiff"), is a natural person residing in San Francisco county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Global Credit & Collection Corporation, LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about September 27, 2010, Defendant began calling Plaintiff repeatedly in attempt to collect a debt allegedly owed to Capital One. Plaintiff advised Defendant on that date that he had never received anything in writing from Defendant and did not know who Defendant was. As recently as August, 2010, Plaintiff had been working with Capital One directly regarding the alleged debt.

7. On or about September 27, 2010, Manjula Skanda, an employee of Defendant, called Plaintiff a liar at least six times. Plaintiff then spoke to Josh Balner, also an employee of Defendant, who represented himself as the boss of Manjula Skanda.

8. Josh Balner, an employee of Defendant, advised Plaintiff he is a lawyer and in Defendant's litigation department. Plaintiff alleges that Mr. Balner is not an attorney licensed in California.

9. In at least three calls from Defendant, Plaintiff was threatened with a lawsuit unless he paid the alleged debt.

10. Josh Balner, an employee of Defendant, told Plaintiff that it would be better for his credit if he paid the alleged debt instead of settling the alleged debt. Mr. Balner stated he knew that Plaintiff had a history of settling debt. Plaintiff had not discussed any settlement agreements with Mr. Balner, and had previously been making payments to Capital One directly. Plaintiff was not

provided with anything in writing from Defendant, and did not agree with the amount that Defendant demanded.

11. On or about October 4, 2010, Plaintiff's counsel sent a letter to Defendant to request verification of the alleged debt. Defendant failed to respond to that letter. As such, Plaintiff's counsel sent a second letter to Defendant on October 20, 2010. Defendant failed to respond to that letter also.

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

> a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, calling Plaintiff more than twice a day (Cal Civ Code §1788.11(d));
>
> b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, calling Plaintiff more than twice a day (Cal Civ Code §1788.11(e));
>
> c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, calling Plaintiff more than twice a day (§1692d(5));
>
> d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, calling Plaintiff more than twice a day (§1692c(a)(1));

e) Conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, repeatedly calling Plaintiff a liar and threatening Plaintiff with a lawsuit (§1692d));

f) Using false, deceptive, or misleading representations or means in connection with collection of a debt, including, but not limited to, repeatedly calling Plaintiff a liar and threatening Plaintiff with a lawsuit (§1692e));

g) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to, repeatedly threatening Plaintiff with a lawsuit (§1692e(5));

h) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, an employee of Defendant representing himself as a lawyer (§1692e(10);

i) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt including, but not limited to, repeatedly calling Plaintiff a liar and threatening Plaintiff with a lawsuit (§1692f)); and

j) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, threatening Plaintiff with a lawsuit and an employee of Defendant representing himself as a lawyer(Cal Civ Code §1788.13(j)).

13. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 20th day of December, 2010.

By: _____
TODD M. FRIEDMAN (216752)
Attorney for Plaintiff,
Gabriel Bellman